# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KEVIN BLACKBURN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-15-359-F |
| | ) |
| SHERIFF REEVE, | ) |
| | ) |
|     Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Kevin Blackburn, appearing pro se, filed this action in April 2015, asserting claims against one defendant pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned for initial proceedings in accordance with 28 U.S.C. § 636. As outlined below, it is recommended that the action be dismissed without prejudice.

*I.    Background*

On October 28, 2015, the Court ordered service of the Complaint upon the sole Defendant named in the Complaint: Sheriff Reeve. *See* Order of Oct. 28, 2015 (Doc. No. 16). Because Plaintiff is proceeding *in forma pauperis*, he was entitled to have service be made by the United States Marshals Service in this matter. *See* Doc. No. 5; Fed. R. Civ. P. 4(c)(3). To effectuate such service, Plaintiff was directed to complete and submit to the Court Clerk the necessary forms for requesting issuance of summons within twenty-one days. *See* Order of Oct. 28, 2015, at 2. Plaintiff also was advised: "Unless service is waived, Plaintiff must ensure that a proof of service is filed for Defendant on or before the expiration of this 120-day time period. *See* Fed. R. Civ. P. 4(d)(4), (l), (m). The

failure to file timely proofs of service as to Defendant could result in the dismissal of the claims against Defendant. *See* Fed. R. Civ. P. 4(m)." *Id.*

This Order was mailed to Plaintiff at his address of record. *See* Doc. No. 16. Although Plaintiff changed his address with the Court several weeks later, there is no indication from the docket that the Order was returned as nondeliverable or was otherwise not received by Plaintiff. *See* Doc. No. 17; *cf.* LCvR 5.4(a) ("Papers sent by the court will be deemed delivered if sent to the last known address given to the court.").

Plaintiff failed to either return the summons forms as directed or ensure that a proof of service or waiver of service was filed for Defendant Reeve within the time provided. Accordingly, on May 27, 2016, the Court issued an Order noting that because Plaintiff's 120-day service deadline had passed, the Court is required to dismiss this action without prejudice unless Plaintiff showed good cause for the failure to serve Defendant Reeve. *See* Order of May 27, 2016 (Doc. No. 20) at 2; Fed. R. Civ. P. 4(m). Plaintiff was ordered to show good cause in writing on or before June 17, 2016, as to why all claims raised against Defendant Reeve in this lawsuit should not be dismissed. *See* Order of May 27, 2016, at 2. This Order was mailed to Plaintiff at the most recent address provided, and there is no indication from the docket that the Order was returned as nondeliverable or otherwise not received by Plaintiff. *See* Doc. No. 20.

II. Discussion

As of this date, Plaintiff has offered nothing to the Court regarding any attempt to serve Defendant Reeve. A plaintiff in a federal civil lawsuit is required to have each defendant served with a summons and a copy of the pleading by a date certain. *See* Fed.

R. Civ. P. 4(c)(1), (m). Although Plaintiff is a pro se litigant, he is required to comply with the same rules of procedure governing other litigants, including Rule 4. *See DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (stating that pro se plaintiff was "obligated to follow the requirements of Fed. R. Civ. P. 4"). Thus, Plaintiff's failure to complete proper service upon Defendant Reeve within the prescribed time limit is grounds for dismissal of all claims against that party, absent any justification for this failure. *See* Fed. R. Civ. P. 4(m) (2007) ("If a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

Plaintiff has made no attempt to show "good cause" under Rule 4(m) for the failure to complete service upon Defendant Reeve, and no "good cause" is otherwise reflected in the record before the Court. Fed. R. Civ. P. 4(m). While Plaintiff is entitled to service assistance from the United States Marshals Service, it is incumbent upon him to supply the information that agency requires to locate his identified Defendant. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) ("It is the plaintiff's responsibility to provide the United States Marshal with the address of the person to be served[.]" (citation omitted)). "A *pro se* plaintiff proceeding *in forma pauperis* is entitled to rely on the Clerk of the Court and/or U.S. Marshal for service of the summons and complaint, but only insofar as the court is provided proper contact information for the defendant to be served." *Locke v. FedEx Freight, Inc.*, No. 12-CV-

708, 2012 WL 7783085, at *12 (D. Colo. Aug. 31, 2012) (R. & R.), *adopted*, 2013 WL 1163974 (D. Colo. Mar. 21, 2013).

Notwithstanding Plaintiff's failure to show good cause, the undersigned still must consider whether a permissive extension of time to complete service of process is warranted. *See Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The Tenth Circuit has noted that a permissive extension of time may be appropriate where "policy considerations might weigh in favor of granting a permissive extension of time." *Id.* at 842. Additionally, "[t]he district court should also take care to protect *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Id.* at 842 n.8 (internal quotation marks omitted).

Here, the undersigned finds no policy considerations meriting additional time for service. The terms of the Court's Order of May 27, 2016, which clearly explained Plaintiff's service obligation and provided him an opportunity to respond to the Court, alleviated any confusion associated with Plaintiff's changes of address and updating of his *in forma pauperis* application during this litigation. Plaintiff's lawsuit therefore should be dismissed without prejudice. *See* Fed. R. Civ. P. 4(m); *see, e.g.*, *Sena v. Wackenhut Corp.*, 3 F. App'x 858, 861 (10th Cir. 2001).

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to the Report and Recommendation with the Clerk of this Court by July 14, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 23rd day of June, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE